**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

_____

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                            Case No. 1:22-cr-01405-MLG-1

HERMAN LEYVOUNE WILSON,

     Defendant.

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

     In August 2022, a Grand Jury indicted Defendant Herman Leyvoune Wilson on two counts. Doc. 2 at 1-3. The first charges Wilson with violating 18 U.S.C. § 2339B(a)(1) by "knowingly attempt[ing] to provide material support and resources, as defined in [18 U.S.C. § 2339A(b)], namely, personnel and services," to ISIS, a foreign terrorist organization. *Id.* at 2 ¶ 2. The second reads that Wilson "did corruptly attempt to obstruct, influence, and impede at least one official proceeding" contrary to 18 U.S.C. §§ 1512(c) and 2. *Id.* at 2-3. Wilson moves to "dismiss the indictment because its lack of specificity violates [his] rights under the Fifth and Sixth Amendments." Doc. 72 at 1. Having reviewed the parties' submissions and the applicable law, and having held a hearing, the Court denies the motion, Doc. 72.

**DISCUSSION**

     Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." This departs from the "lengthy and technical" common law pleading standards of the past but continues to demand that defendants receive constitutionally adequate information supporting their alleged criminality. *United States v. Sweet*, 107 F.4th 944, 956-58 (10th Cir. 2024). To that end, a sufficient

indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* at 958 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). An indictment may "set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offen[s]e intended to be punished." *Hamling*, 418 U.S. at 117 (quotation omitted). Keeping with this lenient approach, "when evaluating an indictment's sufficiency, [the Court] employ[s] practical rather than technical considerations." *United States v. Edwards*, 782 F.3d 554, 562 (10th Cir. 2015) (quotation omitted).

## I.     Count One

Section 2339B(a)(1) prohibits a person from "knowingly provid[ing] material support or resources to a foreign terrorist organization, or attempt[ing] or conspir[ing] to do so . . . ." Separately defined under 18 U.S.C. § 2339A(b)(1), "[m]aterial support or resources" is

> any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials . . . .

So to prove a violation of § 2339B(a)(1), the Government must show that the defendant provided material support or resources to a terrorist organization in the form of property or services.

Count one of the indictment charges Wilson with attempting to provide material support and resources to ISIS in the form of "personnel and services." Doc. 2 at 2 ¶ 2. Wilson contends that this language is impermissibly ambiguous because § 2339A(b)(1) specifically lists "personnel" as a subcategory of "service," and the indictment does not define which other services Wilson allegedly attempted to provide. Doc. 72 at 8-9. Said simply, Wilson seemingly cannot

discern whether the Government charged him with attempting to provide services, personnel, or both. *Id.* at 9. Whichever way, Wilson asserts that count one is "fatally lacking in specificity." *Id.*

Wilson's arguments are unpersuasive. First, the Court applies a pragmatic approach to determine that the language charging Wilson with "knowingly attempt[ing] to provide material support and resources, . . . namely, personnel and services" says just that: i.e., Wilson allegedly attempted to provide personnel and other services. Doc. 2 at 2 ¶ 2.

Second, the Tenth Circuit's reasoning in *Sweet* instructs the Court to hold that the Government need not specify the type of services. 107 F.4th 944 (10th Cir. 2024). In *Sweet*, the court reviewed a conviction under 18 U.S.C. § 2242(b), which prohibits the enticement of a minor "to engage in . . . any sexual activity for which any person can be charged with a criminal offense." *See id.* at 959-60. The court observed that the indictment tracked the language of the statute, alleging that the defendant "knowingly entic[ed] . . . a minor . . . to engage in any sexual activity for which any person could be charged with an offense." *Id.* at 953. Additionally, the *Sweet* court noted that although Rule 7 typically requires an indictment to "quote[] the language of a statute and include[] the date, place, and nature of illegal activity," it does not impose an obligation to "go further and allege in detail the factual proof that will be relied upon to support the charges." *Id.* at 958 (quoting *United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014)). And even if the statutory text ambiguously sets forth an element of the offense, the indictment must merely allege those particular facts that go "to the very core of criminality under the statute." *Id.* (citation modified). Applying that approach to § 2242(b), *Sweet* held that the statute did not require the indictment to list every unlawful sexual activity the Government sought to prove at trial. *Id.* at 959. The statute's central focus was enticement, "not the performance of the sexual acts themselves."

*Id.* (quoting *United States v. Isabella*, 918 F.3d 816, 831 (10th Cir. 2019)). Thus, the indictment informed the defendant of the statute's core criminality and proved sufficient. *Id.* at 960-61.

Like *Sweet*, the indictment here adequately pleads the elements of the offense and the nature of Wilson's alleged conduct. The word "service" does not introduce "any uncertainty or ambiguity," and it is not an element of the crime. *Hamling*, 418 U.S. at 117. Instead, the term merely delineates the activities prohibited by § 2339B(a)(1), indicating its definitional, non-elemental nature. Further, the core criminality of § 2239B(a)(1) addresses the provision of "material support or resources" and is subject to the term's definition in § 2239A(b)(1). That definition, in turn, specifically lists "services" and "personnel" as forms of material support and includes a non-exhaustive list of services that qualify. Therefore, the Government's inclusion of "services" without further elaboration is clear and gets at the core of criminality.

In sum, count one recites the elements of § 2339B, gives a date range of twenty-two months, states a place, and informs Wilson that he is accused of providing "personnel and services" to ISIS, as those terms are put in § 2339A.[1] Doc. 2 at 2 ¶ 2. Read practically, count one is sufficient.

## II.    Count Two

---

[1] Wilson argues that *United States v. Awan*, 459 F. Supp. 2d 167 (E.D.N.Y. 2006), and *United States v. Carpenter*, No. 3:21-CR-38, 2022 U.S. Dist. LEXIS 220562 (E.D. Tenn. 2022), require a different outcome. Doc. 72 at 6-7. Those cases are neither controlling nor on point. In *Awan*, the district court held an indictment insufficient because it used only "the generic expression 'material support,' as defined in 18 U.S.C. § 2339A(b)," to charge violation of § 2339B "without specifying which of a variety of activities . . . that the defendant must defend against." 459 F. Supp. 2d at 175-76. In contrast, Wilson's indictment expressly identifies the material support and resources as "personnel and services." Doc. 2 at 2 ¶ 2. *Carpenter* approved a § 2339B(a)(1) indictment that alleged an attempt to provide material support and resources, "namely services, to wit, translation services . . . ." 2022 U.S. Dist. LEXIS 220562, at *3, *7, *9-11. But *Carpenter* merely shows that specifying the type of services is sufficient, saying nothing about what is necessary.

The second count of the indictment charges Wilson with "corruptly attempt[ing] to obstruct, influence, and impede at least one official proceeding," thereby violating Section 1512(c). *Id.* at 2-3. Wilson argues that this count is "insufficiently pleaded because it fails to identify the official proceeding [he] allegedly obstructed." Doc. 72 at 9. This argument applies the same rationale raised against count one and fails for similar reasons.

Count two generally tracks the statute. *Compare* Doc. 2 at 2-3 *with* § 1512(c). Additionally, the term "official proceeding" is circumscribed by its statutory definition. *See* 18 U.S.C. § 1515(a)(1) (providing a four-part disjunctive definition). And while the Tenth Circuit has not expressly addressed an indictment's sufficiency under § 1512(c), case law suggests that an indictment alleging a violation of the statute need not always identify the official proceeding. *See, e.g.*, *United States v. Moyer*, 726 F. Supp. 2d 498, 511 (M.D. Pa. 2010) (rejecting the defendant's argument that a § 1512(c) indictment was insufficient because it did not identify a specific official proceeding); *United States v. Weeks*, 636 F. Supp. 3d 117, 121-23 (D.D.C. 2022) (same). That count two does not specify the official proceeding is not dispositive.[2] Doc. 2 at 2.

---

[2] Notably, Wilson's indictment lacks the deficiencies noted in other non-binding cases. For example, there are no obvious and explicit competing official proceedings that might be mistaken for those currently at issue. *See United States v. Murphy*, 762 F.2d 1151, 1154-55 (1st Cir. 1985) (holding an indictment insufficient because it lacked "at least some indication of the identity of the proceeding" and there were multiple proceedings that the defendant could have obstructed). Nor are there overlapping investigations that Wilson aimed to obstruct. *See, e.g.*, *United States v. Ortiz*, No. 15-cr-00594, 2016 U.S. Dist. LEXIS 106527, at *21 (N.D. Cal. Aug. 11, 2016) ("Nothing in the indictment constrains the government from arguing [that the defendant] intended to obstruct an investigation into his alleged conspiracy to distribute marijuana, the murder of [a related person], or some other federal offense committed by some other person."). Further, the indictment does not allege that Wilson "obstructed an unknown official proceeding at some time in some place by some action." *See United States v. McGarity*, 669 F.3d 1218, 1240 (11th Cir. 2012), *abrogated on other grounds by Paroline v. United States*, 572 U.S. 434 (2014). It instead provides a clear six-week timeframe, during which Wilson allegedly "command[ed] and induc[ed] the destruction, and concealment of online records, documents, and other objects by shutting down an online platform containing such records, documents, and other objects with the intent to impair the objects' integrity and availability for use in official proceedings." Doc. 2 at 2-3.

Further, the Court must construe the indictment in a sensible manner and consider the totality of the document. *United States v. Phillips*, 869 F.2d 1361, 1364-65 (10th Cir. 1988). Here, the first count describes how Wilson attempted to provide material support and resources to ISIS in a twenty-two-month window. Doc. 2 at 2. The second provides a date range of one and a half months encompassed within that twenty-two-month window. *Id.* No other types of activities or subjects are mentioned in the entire indictment, and a comprehensive reading of it connects the official proceeding with Wilson's alleged ISIS-related activities. When read as a collective whole, Count two provides a date, a place, the elements, and enough details to give adequate notice and protect against double jeopardy concerns. *Id.* at 2-3. What is more, the relevant language is absent of the problems described in other cases, such as an exceedingly broad temporal range or a confusing multiplicity of official proceedings. Count two is legally sufficient.

## CONCLUSION

Applying the pragmatic approach required, both counts of the indictment satisfy Rule 7 and the Constitution. The Court thus denies Wilson's Motion to Dismiss, Doc. 72.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA